**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WENDY HARRINGTON,<br><br>        Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE SECURITIZED ASSET-BACKED RECEIVABLES LLC TRUST 2007-HE1, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HE1,<br><br>        Defendant. | CIVIL ACTION NO. 1:19-cv-12320-DJC |

## AFFIDAVIT OF BENJAMIN VERDOOREN IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Benjamin Verdooren, being first duly sworn, hereby depose and state that I am over the age of 18, and that if called to testify in this matter I could, based upon my personal knowledge, competently testify as follows:

1. I am a Senior Loan Analyst employed by Ocwen Financial Corporation ("OFC"), the direct subsidiary of which is PHH Mortgage Corporation ("PHH"), the loan servicer and attorney-in-fact for Deutsche Bank National Trust Company as Trustee for the Securitized Asset-Backed Receivables LLC Trust 2007-HE1, Mortgage Pass-Through Certificates Series 2007-HE1 ("Deutsche Bank as Trustee").[1] In this capacity, I am authorized to execute this affidavit on behalf of PHH.

2. PHH is the current servicer of the loan taken by Plaintiff, Wendy Harrington ("Plaintiff" or "Ms. Harrington") in the principal amount of $215,000.00, secured by a mortgage

---

[1] A Limited Power of Attorney was executed by Deutsche Bank National Trust Company on July 12, 2019 appointing PHH as its attorney-in-fact. This Limited Power of Attorney is recorded with the Middlesex North Registry of Deeds in Book 33727, Page 41.

("Loan") encumbering the real property known as 4 Mercier Street, Dracut, Massachusetts (the "Property"). Deutsche Bank as Trustee is the current mortgagee.

3. I have personal knowledge of this matter in which PHH processes and services loans as well as the manner in which documents pertaining to loans are maintained and stored (electronically and otherwise) by PHH.

4. In the ordinary course of my employment, my duties include, among others, regularly accessing and reviewing the computerized systems, together with the proprietary and business records that PHH uses to record and create information related to the mortgage loans serviced by PHH, and reviewing and analyzing the business and loan records concerning the loans that PHH services as well as the manner in which these documents are maintained and stored.

5. PHH maintains business records and a loan file for each loan it services. These files contain, among other things, a complete loan history, computer generated records and copies of origination documents. The records relating to the Plaintiff's Loan are maintained by PHH in the course of its regularly-conduced business activities and were made at or near the time of the event, by or from information transmitted by a person with knowledge of the record. It is the regular practice of PHH to keep such records in the ordinary course of its regularly-conducted business activity.

6. I have thoroughly reviewed and am familiar with the business records and the loan file for Ms. Harrington's loan that is the subject of the present action. The records that relate to the loan that I have reviewed and relied upon for the statements made in this affidavit are the subject promissory note, mortgage, assignments, PHH's electronic servicing system, the loan payment history, correspondence logs, and the public records associated with the Property.

7. According to the records kept in the regular course of PHH's business, on or about August 31, 2006, Ms. Harrington executed a promissory note (the "Note") in favor of WMC Mortgage Corp. ("WMC") in the original principal amount of $215,000.00. Deutsche Bank as Trustee is the current holder of the Note. A true and accurate copy of the Note is attached hereto as Exhibit I.

8. To secure her obligations under the Note, Ms. Harrington executed a mortgage dated August 31, 2006 ("Mortgage"), in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for WMC encumbering the Property. A certified copy of the Mortgage recorded with the Middlesex North Registry of Deeds (the "Registry") is attached hereto as Exhibit II.

9. Deutsche Bank as Trustee is the current mortgagee of record via (i) an Assignment of Mortgage dated January 29, 2008, and recorded with Registry on February 8, 2008, in Book 21926, Page 199; and (ii) a Corporate Assignment of Mortgage dated June 30, 2017, and recorded with the Registry on August 2, 2017 in Book 31350, Page 63. Certified copies of these assignments are attached hereto as Exhibits III and IV respectively.

10. In my capacity as a Senior Loan Analyst, I am also familiar with the records of the prior servicers of Ms. Harrington's Loan. The business records of prior servicers (which include data compilations, electronically imaged documents, and others) are made at or near the time of the activity and transactions reflected in such records, by persons with knowledge of those records, or from information provided by those persons, and were kept in the regular course of the business activity of the prior servicer. In the on-boarding process, PHH relies on the accuracy of the history of the subject mortgage loans and takes measures to verify the accuracy of the documents it received. After a prior servicer's records are incorporated into PHH's business

1026105\306165366.v1

records, they are kept and routinely relied upon by PHH as a regular business practice in the ordinary course of its business.

11. Prior to PHH, HomeEq Servicing Corporation serviced Ms. Harrington's Loan until July 12, 2010, when servicing transferred to Ocwen Loan Servicing, LLC ("Ocwen"). On June 1, 2019, Ocwen merged with PHH. At the time of the merger, all of Ocwen's business records (which included the records of HomEq and other prior servicers) were incorporated into and maintained as PHH's business records.

12. I have been employed as a Senior Loan Analyst with OFC for seven (7) years. During my time as a Senior Loan Analyst, I had the opportunity to review Ocwen's business records, including its internal computer system. I am therefore well familiar with the records that were kept in the ordinary course of Ocwen's business. In its on-boarding process, Ocwen also relied on the accuracy of the history of the subject mortgage loans from prior servicers and undertook measures to verify the accuracy of the documents it received. After the prior servicer's records were incorporated into Ocwen's business records, they were kept and routinely relied upon by Ocwen as a regular business practice in the ordinary course of its business. As Ocwen's successor by merger, PHH now keeps and maintains all of Ocwen's business records in the ordinary course of PHH's business.

13. According to PHH's business records, following Harrington's default on the Mortgage loan in or about in 2007, Deutsche Bank as Trustee conducted a foreclosure sale on June 17, 2008. A Foreclosure Deed and Affidavit of Sale was recorded with the Registry.

14. On May 7, 2012, Deutsche Bank as Trustee, entered into a loan modification agreement with Harrington. Ocwen serviced the loan at the time this agreement was executed. A

4

true and accurate copy of this mortgage modification agreement ("Modification Agreement") is attached hereto as Exhibit V.

15. In the Modification Agreement, Harrington agreed that Deutsche Bank as Trustee held the Note and Mortgage. *See* Exhibit V at ¶ D.

16. By entering into the Modification Agreement, Deutsche Bank as Trustee and Ocwen (referred to in the Modification Agreement collectively as "Ocwen")[2] agreed to refrain in its right to foreclose under the terms of the loan documents and instead agreed to modify Harrington's mortgage in exchange for certain concessions. *See* Exhibit V at ¶ E.

17. In the modification agreement, Ms. Harrington agreed to the validity of the Loan documents at issue, including the Note and Mortgage, and agreed that these documents remained in full force and effect. *See* Exhibit V at ¶ 1.

18. In the Modification Agreement, Ms. Harrington agreed that she remained indebted to Ocwen pursuant to the terms of her Loan. *See* Exhibit V at ¶ 9(a).

19. The Modification Agreement required Ms. Harrington to pay $884.14 each month, beginning May 1, 2012. *See* Exhibit V at ¶ 3(d).

20. According to the records kept in the regular course of PHH's and Ocwen's business, including but not limited to the payment history for the Loan from 2012 through the present, Ms. Harrington did not make the monthly payments required by the terms of the Modification Agreement.

21. According to the records kept in the regular course of PHH's and Ocwen's business, including but not limited to the payment history for the Loan from 2012 through the present, Ms. Harrington is past due for her March 1, 2014, payment and all subsequent payments.

---

[2] *See* Exhibit V at ¶ D.

1026105\306165366.v1

22. According to the records kept in the regular course of PHH's and Ocwen's business, including but not limited to comments and correspondence logs for the Loan, Ocwen mailed Ms. Harrington a Notice of Default pursuant to paragraph 22 of the Mortgage on December 5, 2014, on behalf of Deutsche Bank as Trustee. A true and accurate copy of the Notice of Default is attached hereto as Exhibit VI.

23. Despite service of the Notice of Default, my review of PHH's and Ocwen's business records reveals that Ms. Harrington did not cure her default of her obligations under the Loan.

24. According to the records kept in the regular course of PHH's and Ocwen's business, including but not limited to comments and correspondence logs for the Loan, Ocwen mailed Ms. Harrington a letter on July 6, 2017 entitled "90-Day Right to Cure Your Mortgage Default" on behalf of Deutsche Bank as Trustee. A true and accurate copy of this letter is attached hereto as Exhibit VII.

25. In furtherance of foreclosure, Ocwen, on behalf of Deutsche Bank as Trustee, recorded an affidavit with the Registry on December 19, 2017, attesting that M.G.L. c. 244, § 35B is not applicable to the Mortgage. A certified copy of this affidavit is attached hereto as Exhibit VIII.

26. Ocwen, on behalf of Deutsche Bank as Trustee, also recorded an Affidavit Regarding Note Secured by Mortgage to be Foreclosed with the Registry on January 6th, 2020, attesting that Deutsche Bank as Trustee is the holder of the Note. A certified copy of this affidavit is attached hereto as Exhibit IX.

27. According to the records kept in the regular course of PHH's business, including but not limited to the documents concerning the foreclosure sale, Deutsche Bank as Trustee

1026105\306165366.v1

published in the *Lowell Sun*, a newspaper of general circulation, notices of a foreclosure sale of the Property to be held on October 25, 2019, on October 1, 8, and 15, 2019.

28. According to the records kept in the regular course of PHH's business, Deutsche Bank as Trustee conducted a foreclosure sale on October 25, 2019 at which it was the highest bidder.

29. After the sale, Deutsche Bank recorded a Foreclosure Deed with Affidavit of Sale, in accordance with G.L. c. 244, § 15, and a Certificate of Entry with the Registry on January 6, 2020. A certified copy of the Foreclosure Deed is attached hereto as Exhibit X and a certified copy of the Certificate of Entry is attached hereto as Exhibit XI.

Signed under the pains and penalties of perjury this 17th day of July, 2020.

_____
Name: Benjamin Verdooren
Title: Senior Loan Analyst
PHH Mortgage Corporation, Loan Servicer and Attorney-In-Fact for Deutsche Bank National Trust Company as Trustee for the Securitized Asset-Backed Receivables LLC Trust 2007-HE1, Mortgage Pass-Through Certificates Series 2007-HE1

1026105\306165366.v1