# EXHIBIT V

A3093\306083941.v1

## MODIFICATION AGREEMENT

**THIS MODIFICATION AGREEMENT** (the "Modification") is made and entered into as of March ___, 2012, between DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under POOLING AND SERVICING AGREEMENT Dated as of January 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-HE1 ("Investor"), c/o Ocwen Loan Servicing, LLC ("OLS"), whose address is 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 and Wendy M. Harrington ("Borrower") whose address is 4 Mercier Street, Dracut Massachusetts 01826. The Modification is as follows:

### RECITALS

A.  On or about August 31, 2006, WMC Mortgage Corp. ("WMC") loaned $215,000.00 (the "Loan"), which was evidenced by a note dated August 31, 2006, payable to the order of WMC (the "Original Note").

B.  The Original Note is secured by a Mortgage to Secure Debt dated August 31, 2006 and recorded among the official records of the County of Middlesex North County on August 31, 2006 at Book 20476, Page 222 (the "Original Mortgage", a true and correct copy of which is attached hereto as Exhibit "A"). **LEGAL DESCRIPTION ATTACHED TO MORTGAGE.**

C.  The Original Mortgage grants WMC a security interest in the Property owned by you and described in the Original Mortgage and allows WMC to enforce remedies, including foreclosure of the Property, upon occurrence of a default, including your failure to make payments as agreed under the Original Note.

D.  DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under POOLING AND SERVICING AGREEMENT Dated as of January 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-HE1 (hereinafter "Investor") is now the owner of the Original Note and Original Mortgage (the "Loan Documents") and it is agreed that the Loan Documents are the only agreements and documents now in effect with respect to the Loan. Any other understandings, agreements or arrangements, which may have existed pertaining to the Loan, are now terminated. OLS and the Investor shall be collectively referred to as "Ocwen" for purposes of this Modification.

E.  The parties have agreed that Ocwen shall refrain from exercising the rights and remedies granted to it by the loan Documents and, instead, agree to modify the terms of Borrower's obligations under the Loan Documents pursuant to the terms and conditions set forth in this Modification.

F.  Pursuant to the mutual agreement to modify the Loan Documents, and in consideration of the promises, conditions, and terms set forth below, Ocwen has agreed to adjust the repayment terms of the Original Note, and the total amount due with respect to the Original Note. Ocwen has also agreed to reinstate the Loan as current and not in default as of the Effective Date, as defined below.

G.  The parties acknowledge that a foreclosure occurred on the Property and that a foreclosure deed was recorded at Book 25065, page 79 at the Middlesex North Registry of Deeds. The parties represent and agree that the foreclosure has been voided and that as a result the original mortgage at Book 20476, Page 222 at the Middlesex North County Registry of Deeds is still in effect, as modified by this Modification Agreement. The Bank will convey the Property back to Borrower by means of a quitclaim deed, a true copy of which is appended hereto as Exhibit B. Bank will pay all fees and costs necessary to have said deed recorded with the Registry.

H.  Within fourteen (14) business days of Ocwen's execution of this Agreement, it will instruct (or cause to instruct) to the three major consumer reporting agencies (TransUnion; Experian; Equifax) that all references to

foreclosure shall be deleted from the tradeline associated with Borrower's mortgage account, and further report (or cause to report) to said agencies that the mortgage account is current and in good standing (once Borrower has begun to make her payments).

## LOAN MODIFICATION

**NOW, THEREFORE**, in consideration of the foregoing recitals which you agree to be true and correct and a part of this Modification, the parties agree as follows:

1. Validity of the Loan Documents: Except as expressly modified by this Modification, the terms and conditions of the Loan Documents remain in full force and effect and the Original Mortgage shall continue to secure the Original Note and this Modification.

2. The Effective Date: This Modification is subject to clear title and will be effective on **March __, 2012**, on condition that a clear and marketable title policy can be issued.

3. Modification of Borrower's Obligations: The obligations under the Loan Documents are modified as follows:

   a. **New Principal Balance:** The new principal balance now owed with respect to the Loan shall be $120,000.00 (One Hundred Twenty Thousand and Zero Cents) (the "New Principal Balance").

   b. **Interest Rate:** From the Effective Date of this Modification, the interest on the unpaid New Principal Balance will accrue at an annual rate equal to 3.87%.

   c. **Down Payment:** $1,400.00 (Due by May 1, 2012)

   d. **New Monthly Payment:** The new **total** monthly payment amount will be $884.14 (Eight Hundred Eighty Four Dollars and Fourteen Cents. The itemized breakdown of the total monthly payment is as follows:

      i. Principal and interest portion of payment  =  $633.70
      ii. Tax/Insurance Portion of payment  =  $250.44

   e. **Payment Term:** The first New Monthly Payment will be due on May 1, 2012, with all of the subsequent New Monthly Payments due on the first day of each month following this date and continuing for 360 months until May 1, 2042, when the remaining New Principal Balance, as defined below, including any additional interest, charges, advances, and other unpaid fees and costs related to the Loan will be due.

   f. **Late Charges:** In the event the New Monthly Payment has not been received within fifteen (15) days of the first day of the month when such New Monthly Payment is due, Borrower agrees to pay a late charge of five percent (3%) of the total New Monthly Payment due.

   g. **Force Place Insurance:** If Borrower fails to obtain insurance and Ocwen shall be required to force place insurance in order to protect its security interest, then the escrow portion of the total monthly payment may increase. Additionally, borrower(s) release Ocwen from any liability in connection with said force place insurance being inadequate as to the amount of coverage obtained by Ocwen.

4.  <u>Right to Prepay</u>:  Consistent with the original Note, Mortgage/Deed in Trust.

5.  <u>Escrow Account</u>: If the loan is non-escrowed, then the borrower is independently responsible for the payment of taxes and insurance and is required to pay both property taxes and insurance directly to the appropriate entities. However, whether the loan is escrowed or non-escrowed, in the event the borrower fails to keep current and pay either taxes or any type of insurance required for the property either by State Law or by the Ocwen, then Ocwen may advance these amounts to protect its security interest and if necessary, increase the amount of the monthly mortgage payment in order to compensate for the escrow shortage which will occur by said advancement. Therefore, Ocwen is permitted to impose an escrow impound account upon the subject loan.  Ocwen may at any time collect and hold funds in the escrow account in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974, as amended from time to time, 12 U.S.C. et seq ("RESPA").  Ocwen may estimate the amount of funds due for the escrow account on the basis of current data for any past due amounts and make reasonable estimates for expenditures of future escrow items and adjust Borrower's monthly payment amount accordingly should it become necessary to do so in the event of non-payment of taxes and insurance. However, the remaining paragraphs of the original note and mortgage regarding payment of taxes and insurance still apply.

6.  <u>Insurance Requirements</u>: The insurance carrier providing the insurance shall be chosen by you subject to Ocwen's approval which shall not be unreasonably withheld.  All insurance policies and renewals shall Ocwen's loan number and include a standard mortgagee clause for the benefit of:

        DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under POOLING AND SERVICING AGREEMENT Dated as of January 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-HE1 C/O Ocwen Loan Servicing, LLC
        Its Successors and/or Assigns
        12650 Ingenuity Drive
        Orlando, Florida 32626
        Phone: 407-737-5141
        Fax 407-737-6144

7.  <u>Additional Events of Default</u>:  Without limiting the other events of default set forth in the Loan Documents, Borrower will be in default under this Modification and under the Loan Documents upon the occurrence of any one or more of these events:

    a.  Any material representation or warranty made by Borrower in the Loan Documents, this Modification, or any initial agreement proves to be false or misleading in any respect.

    b.  Borrower fails to make the New Monthly Payments as required by this Modification.

    c.  If the Borrower sells or conveys any interest in the Property without Ocwen's prior written consent, Ocwen may require all amounts owed to be immediately due and payable.  This option shall not be exercised by Ocwen if prohibited by applicable law.

    d.  Breach of any of the terms or provisions of this Modification.

8.  <u>Consequences of Default</u>:  If Borrower defaults under this Modification or the Loan Documents after the Effective Date ( "Default"), Ocwen may, in addition to the remedies provided by the Loan Documents, subject

only to applicable law, institute any foreclosure or collection proceedings without prejudice for having accepted any payments, including but not limited to the New Monthly Payments, under this Modification and exercise any of its rights and remedies under the Loan Documents and/or this Modification.

9. <u>Borrower Representations and Warranties</u>: As a material condition to Ocwen's willingness to enter into this Modification, Borrower represents and warrants the following facts:

    a. That Borrower is indebted to Ocwen pursuant to the terms of the Loan Documents and this Modification, that the Total Debt is accurately set forth in this Loan Modification, paragraphs 3 and 5, above,  and that Borrower has no claims, actions, causes of action, statute of limitations or other defenses, counterclaims, or setoffs of any kind, including any claims pursuant to the Federal Truth in Lending Act, which you can assert against DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under POOLING AND SERVICING AGREEMENT Dated as of January 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-HE1, Barclays Capital Real Estate d/b/a Homeq or Doonan, Graves, and Longoria LLC in connection with the making, closing, administration, collection, or enforcement the foregoing of the Loan Documents, this Modification, or any related agreement at any time, past, present or future.

    b. Borrower represents and warrants that you currently have no intention to file or agree to any bankruptcy proceeding at any time after the Effective Date and that Borrower believes the terms of this Modification are sufficient to allow you to comply with your obligations under the Loan Documents and this Modification.

    c. Borrower represents and warrants that all material statements  have been made to Ocwen , whether written or oral, all financial information and releases Borrower has provided to Ocwen regarding Borrower or the Property, and all information provided pursuant to any initial agreement Borrower may have signed with Ocwen, remain valid and were true as of the date made and as of the Effective Date.

    d. Borrower understands that this Modification is legally binding and that it affects her rights.  Borrower has obtained, or has had the opportunity to obtain, independent legal counsel concerning the meaning and importance of this Modification.  Borrower further represents and warrant that Borrower is signing this Modification voluntarily and with full understanding of its contents and meaning.

    e. BORROWER'S  RELEASE OF OCWEN:  IN THE EVENT THAT BORROWER HAS ANY CLAIMS, ACTIONS OR CAUSES OF ACTION, STATUTE OF LIMITATIONS OR OTHER DEFENSES, COUNTERCLAIMS OR SETOFFS OF ANY KIND WHICH EXIST AS OF THE DATE OF THIS MODIFICATION, WHETHER KNOWN OR UNKNOWN,WHICH NOW OR HEREAFTER MAY BE ASSERTED AGAINST OCWEN IN CONNECTION WITH THE MAKING, CLOSING, ADMINISTRATION, COLLECTION OR THE ENFORCEMENT BY OCWEN OF THE LOAN DOCUMENTS, THIS  MODIFICATION OR ANY OTHER RELATED AGREEMENTS, THEN BY EXECUTING THIS MODIFICATION BORROWER FOREVER IRREVOCABLY WAIVES AND RELINQUISHES THEM. OCWEN, INCLUDING DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF JANUARY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-HE1 SHALL INCLUDE FOR THE PURPOSES OF THIS MODIFICATION, BUT SHALL NOT BE LIMITED TO INVESTOR'S PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, AGENTS, SERVICING AGENTS, ATTORNEYS AND ALL PRIOR AND SUBSEQUENT PARTIES IN INTEREST, INCLUDING BUT NOT LIMITED TO INVESTOR'S PREDECESSOR(S) IN INTEREST.

10. <u>Final Agreement</u>:  This Modification may not be supplemented, changed, waived, discharged, eliminated, modified or omitted except by written document executed by both Borrower and Ocwen. This Modification and the accompanying Settlement and Release Agreement constitutes the entire agreement between Borrower and Ocwen and, supersedes all previous negotiations and discussions between Borrower, Ocwen and/or Ocwen's predecessors in interest, and neither parole evidence nor any prior or other agreement shall be permitted to contradict or vary its terms.  There are no promises, terms, conditions, or obligations other than those contained in this Modification.

11. <u>No Novation</u>:  Borrower  expressly agrees that this Modification is not a new loan from Ocwen but simply the modification of existing obligations under the Loan Documents.  Neither Borrower nor Ocwen has any intention to extinguish or discharge the indebtedness or the liens evidenced by the Loan Documents.

12. <u>Choice of Law and Severability</u>:  This Modification shall be governed by and construed under the laws of the State where the Property is located.  If any portion, term or provision of this Modification is held by a court of competent jurisdiction to be illegal or in conflict with such law, the validity of the remaining portions, terms or provision of this Modification shall not be affected, and the rights and obligations of the parties shall be construed and enforced as if this Modification did not conflict with such law and/or did not contain the portion, term or provision held to be invalid.

13. <u>Successors</u>:  This Modification shall bind the parties' respective successors, assigns, heirs and personal representatives. This Modification shall not be understood to limit in any way the right of Ocwen to sell, or otherwise convey, any interest in the subject obligation to another, provided that such subsequent party in interest is also bound as Ocwen to the terms of this Modification.

14. <u>References</u>:  All references to the singular shall include the plural and all references to one gender herein shall include both genders.

15. <u>Executed in Counterparts</u>:  This Modification may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

16. <u>No Trial By Jury</u>:  BY EXECUTING THIS MODIFICATION, BORROWER IRREVOCABLY WAIVES ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS MODIFICATION AND ANY RELATED AGREEMENTS OR DOCUMENTS OR TRANSACTIONS CONTEMPLATED IN THIS MODIFICATION.

17. <u>Payment Instructions</u>:  All payments, unless you are notified by Ocwen in writing of a different address, shall be made to Ocwen at the following address:

> Ocwen Loan Servicing, LLC
> P.O. Box 6440
> Carol Stream, IL  60197-6440

18. <u>Notices</u>:  All notices should be sent to:

> If to Ocwen:
>
> DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under POOLING AND SERVICING AGREEMENT Dated as of January 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-HE1

C/o Ocwen Loan Servicing, LLC
Attn:  Carrie Marino
12650 Ingenuity Drive
Orlando, Florida  32626
Phone: 407-737-5141
Fax 407-737-6144

If to Borrowers:

Kenneth D. Quat
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
617-492-5991 (fax)

19.  Time of the Essence:  Time, and Lender's unimpaired security interest in the Property, shall be of the essence as
to your obligations under this Modification.

WITNESS the following signatures and seals as of the day first written above.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee
under POOLING AND SERVICING AGREEMENT Dated as of
January 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES
LLC TRUST 2007-HE1 by Ocwen Loan Servicing
LLC as attorney in fact
By: _Patty P. Broh_____
Name: ~~Patrick G. Broderick~~
Title: ~~Senior Litigation Counsel~~

NOTARIZATION FOR INVESTOR

STATE OF _Florida_
COUNTY OF _Palm Beach_ ) ss.

On _May 7_, _2012_, before me, _Laurie Stevenson_, a Notary Public in and for said County and
State, personally appeared _Patrick Broderick_, (personally known to me)(or proved to me on the basis of
satisfactory evidence) to be the person whose name(s) is subscribed to the within instrument and acknowledged to
me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the
person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_Laurie Stevenson_
Notary Public

NOTARY SEAL

LAURIE STEVENSON
MY COMMISSION # EE 041256
EXPIRES: November 11, 2014
Bonded Thru Budget Notary Services

Page 6 of 7



Wendy Harrington

Witness

NOTARIZATION FOR BORROWER 1

STATE OF *MA*

COUNTY OF *Middlesex* ss.

On *April 19th*, 20*12* before me, *Mary E McDermott*, a Notary Public in and for said County and State, personally appeared *Wendy M Harrington* personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose names is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

WITNESS my hand and official seal.

NOTARY SEAL

Notary Public

Prepared by:

Law Offices of Houser & Allison
60 State St, #700
Boston, MA 02109

When recorded mail to:

Ocwen Loan Servicing, LLC
12650 Ingenuity Drive
Orlando, FL 32826

Loan No. 705941193
Title Reference – Book/Page: 20476/222