# EXHIBIT E

16

16-2117

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**                                    SUPERIOR COURT
                                                      CIVIL ACTION
                                                      NO. ~~1581CV05363~~

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-HE1,
MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HE1

vs.

WENDY HARRINGTON

### MEMORANDUM OF DECISION AND ORDER ON THE PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

The plaintiff, Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-He1, Mortgage Pass-Through Certificates Series 2007-He1 (the "Trust") filed the instant civil action against defendant Wendy Harrington ("Harrington"), seeking declaratory relief to (1) rescind the foreclosure sale of Harrington's home, (2) rescind the foreclosure by entry, (3) nullify the foreclosure deed, certificate of entry, and quitclaim deed to Harrington, (4) revive the Trust's mortgage to its senior lien position, and (5) grant such other relief as the court deems just. The matter is before the court on the Trust's Motion for Judgment on the Pleadings. For the reasons set forth below, the Trust's Motion for Judgment on the Pleadings is **ALLOWED**.

1

## **BACKGROUND**

The relevant facts are as follows. On September 30, 2005, Harrington took title to real property located at 4 Mercier Street, Dracut, Massachusetts (the "Property") pursuant to quitclaim deed from Michael Harrington, which was recorded with the Middlesex North Registry of Deeds (the "Registry") on September 30, 2005. On August 31, 2006, Harrington granted a mortgage on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for WMC Mortgage Corp. ("WMC"), in the amount of $215,000 (the "Mortgage"), which was recorded with the Registry on September 5, 2006. On January 29, 2008, MERS as nominee for WMC assigned the Mortgage to the Trust, which was recorded on February 8, 2008.

On January 17, 2008, the Trust filed a complaint to foreclose on the Property against Harrington in the Land Court.[1] On June 10, 2008, the Land Court awarded judgment in favor of the Trust. As a result, on June 17, 2008, the Trust conducted a foreclosure sale by public auction. The Trust was the successful bidder. On May 7, 2012, the Trust and Harrington entered into a loan modification agreement, (the "Modification"), which modified the Mortgage.

The Modification provides that both the Trust and Harrington agree that a foreclosure occurred on the Property, that a foreclosure deed was recorded, and that such foreclosure has been voided, the result being that the Mortgage on the Property is still in effect, as modified by this Modification. The Modification also grants WMC a security interest in the Property. It further states that the Trust is the current owner of the Mortgage. Moreover, under the terms of the Modification the Trust agreed to adjust Harrington's repayment terms. This adjustment included a reduction in Harrington's monthly payment.

---

[1] Deutsche Bank National Trust Co. as Trustee v. Harrington, No. 08 MISC 369967 (Mass. Land. Ct. June 10, 2008).

2

The Trust, in seeking declaratory relief to enforce the terms of the Modification, filed its complaint on July 22, 2016, (Paper #1) asserting a single count for declaratory judgment. Harrington filed her answer on October 6, 2016 (Paper #8), following which the Trust moved for Judgment on the Pleadings (Paper #10).

## DISCUSSION

### I. Judgment on the Pleadings Standard

A judgment on the pleadings is appropriate under Mass. R. Civ. P 12(c) only where there are no material facts in dispute on the face of the pleadings. Clarke v. Metropolitan Dist. Comm'n, 11 Mass. App. Ct. 995 (1981). If the defendant pleads by denial or by affirmative defense so as to put in question a material fact, judgment on the pleadings will not lie. Tanner v. Board of Appeal of Belmont, 27 Mass. App. Ct. 1181, 1182 (1989). Where some facts are disputed, a court may still grant a motion for judgment on the pleadings if they are not material to the controversy. Wing Mem'l Hosp. v. Department of Pub. Health, 10 Mass. App. Ct. 593, 596 n.3 (1980).

### II. Analysis

The Trust asserts it is entitled to Judgment on the Pleadings because Harrington does not contest the factual allegations set forth in its complaint. Harrington asserts to the contrary that the Trust is not entitled to judgment on the pleadings because it had no legal right to rescind the foreclosure sale. Harrington further asserts that the Trust seeks to gain unjust enrichment through enforcement of the Modification.

3

The Trust is correct. Harrington's averments do not contest the controversy at issue before the court.[2] Harrington does not dispute that she entered into the Modification Agreement voluntarily. Furthermore, although Harrington seeks to avoid the representations made in the Modification, after having both voluntarily entered into such agreement and accepted its benefits, Harrington is estopped from doing so. See Barrasso v. New Century Mortg. Corp., 91 Mass. App. Ct. 42, 47-48 (2017) (holding a borrower who enters voluntarily into a modification agreement and accepts the benefits of such agreement is estopped from questioning mortgagee's ownership of said mortgage as of the effective date of modification.)

## ORDER

For the foregoing reasons, the Trust's Motion for Judgment on the Pleadings is **ALLOWED**. Declaratory relief shall enter in favor of the plaintiff to (1) rescind the foreclosure sale by public auction, (2) rescind the foreclosure by entry, (3) nullify the foreclosure deed, certificate of entry, and quitclaim deed to Harrington, and (4) revive the Trust's mortgage to its senior lien position subject to the terms of the Modification Agreement.

_____
Garry V. Inge
Justice of the Superior Court

March 24, 2017

Attest: Susan Burke
Asst Clerk Magistrate

---

[2] Harrington's argument rests on the perceived inadequacies of a closed case entitled Harrington v. Deutsche Bank National Trust Co. et al., Middlesex Superior Court Civil Action No. 0881CV02411. This case was resolved on June, 28, 2012, by the parties' joint stipulation of dismissal (Paper #20). As such the action was dismissed with prejudice, and Harrington cannot rely on it here.

4