# EXHIBIT I

NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12791

WENDY HARRINGTON  vs.  DEUTSCHE BANK NATIONAL TRUST COMPANY, trustee.[1]

May 13, 2020.

Supreme Judicial Court, Superintendence of inferior courts.

    The plaintiff, Wendy Harrington, appeals from a judgment of a single justice of this court denying her complaint for relief in the nature of mandamus and for extraordinary relief under G. L. c. 211, § 3.  Harrington sought relief from the judgment, and from the denial of various postjudgment motions, in the underlying declaratory judgment action in which she was the defendant.[2]  We affirm.

    Judgment entered against Harrington in the underlying Superior Court case on March 31, 2017.  Harrington did not file a timely notice of appeal from that judgment.  On April 28, 2017, she filed a notice of intent to file a motion to vacate the judgment, and filed the motion to vacate the judgment on

---

[1] For Securitized Asset Backed Receivables LLC Trust 2007-HE1, Mortgage Pass-Through Certificates Series 2007-HE1 (Deutsche Bank).

[2] In 2008, Deutsche Bank foreclosed upon a piece of real property owned by Harrington.  Deutsche Bank purchased the property at auction in a subsequent foreclosure sale. Harrington and Deutsche Bank then negotiated a loan modification agreement, which involved rescission of the foreclosure sale and reaffirmance of Harrington's mortgage with Deutsche Bank. Deutsche Bank brought the underlying declaratory judgment action in the Superior Court to enforce the terms of the loan modification agreement.

June 14, 2018.  The motion to vacate was denied on July 31, 2018.  Harrington filed a motion for reconsideration and a motion to recuse on August 24, 2018.  The latter motions were denied on August 31, 2018.  Harrington did not file a timely notice of appeal from the Superior Court's July 31, 2018, and August 31, 2018, rulings.

On December 18, 2018, Harrington filed a "complaint in the nature of a petition for a writ of mandamus and to invoke the general superintendence power of the Supreme Judicial Court [pursuant to G. L. c. 211, § 3]" in the county court, asking the court, among other things, to vacate the March 31, 2017, judgment, as she had previously requested in her motion to vacate and motion for reconsideration.  In essence, Harrington was requesting relief from the March 31, 2017, judgment itself, as well as from the Superior Court's orders dated July 31, 2018, and August 31, 2018, denying her motion to vacate and her motion for reconsideration.  The single justice denied relief on June 25, 2019, and Harrington timely appealed.[3]

"Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course."  Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001 (2005).  See, e.g., Brown v. Fed. Nat'l Mtge. Ass'n, 481 Mass. 1036, 1037 (2019) (quoting same); Karimpour v. Supreme Judicial Court, 448 Mass. 1002, 1002 (2006) (quoting same).  The same is true of petitions for relief in the nature of mandamus.  See Myrick v. Superior Court Dep't, 479 Mass. 1012, 1012 (2018).

Here, Harrington had an adequate alternative avenue to obtain the relief sought, that is, an appeal to the Appeals Court.  See Mass. R. A. P. 4 (a), as amended, 464 Mass. 1601 (2013).  She chose not to pursue that avenue, as she did not file a timely notice of appeal from the Superior Court judgment or from the orders denying her various postjudgment motions.[4]

---

[3] Harrington later filed a notice of appeal in the Superior Court, but the docket reflects that she did not enter the appeal timely in the Appeals Court pursuant to Mass. R. A. P. 10 (a) (1), as amended, 435 Mass. 1601 (2001), after the record had been assembled.

[4] To the extent Harrington's complaint in the county court can be construed as a request for leave to file a late notice of

"Having failed to avail [herself] of the traditional appellate route to obtain an effective remedy, the petitioner is not entitled to invoke the extraordinary relief set forth in G. L. c. 211, § 3." Lantsman v. Lantsman, 429 Mass. 1018, 1019 (1999).

The single justice did not err or abuse her discretion in denying relief.

                                              Judgment affirmed.

The case was submitted on briefs.
Wendy Harrington, pro se.
Christopher Williamson for the defendant.

---

appeal in the Superior Court, Harrington also had an adequate alternative avenue to seek such relief, namely, a timely filed motion for extension of time in the Superior Court or in the Appeals Court. See Mass. R. A. P. 4 (c), as amended, 378 Mass. 928 (1979); Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979).