UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WENDY HARRINGTON,<br><br>           Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE SECURITIZED ASSET-BACKED RECEIVABLES LLC TRUST 2007-HE1, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HE1,<br><br>           Defendant. | CIVIL ACTION NO. 1:19-cv-12320-DJC |

## OPPOSITION TO PLAINTIFF'S MOTION TO RECUSE

Defendant, Deutsche Bank National Trust Company as Trustee for the Securitized Asset-Backed Receivables LLC Trust 2007-HE1, Mortgage Pass-Through Certificates Series 2007-HE1 ("Deutsche Bank as Trustee"), opposes Plaintiff Wendy Harrington's ("Plaintiff" or "Harrington") motion to recuse (ECF Doc. No. 28) because there is no objective basis for this Court to recuse herself from presiding over this matter under either 28 U.S.C. § 144 or 28 U.S.C. § 455.[1]

### I.    PROCEDURAL HISTORY

**A.    The Instant Action**

Plaintiff filed this action on or about November 4, 2019, in Massachusetts Superior Court (Middlesex County) seeking relief under M.G.L. c. 244, § 12 concerning the October 25, 2019, foreclosure sale, as well as injunctive relief against Deutsche Bank as Trustee concerning the Property. (ECF No. 1.) Deutsche Bank as Trustee timely removed the action to this Court on

---

[1] It is unclear from Plaintiff's motion whether or not she is moving for recusal under 28 U.S.C. § 144 or § 455. The Motion consists solely of a five-page "Motion" with no accompanying affidavit (though the motion is sworn to by the Plaintiff) and a single exhibit consisting of a copy of Plaintiff's Motion for Reconsideration filed in an unrelated appeal before the Massachusetts Supreme Judicial Court. (ECF No. 28).

November 12, 2019, on diversity grounds. (*Id.*) On December 20, 2019, Plaintiff filed three (3) motions with the Court: (i) Motion to Remand to State Court (ECF No. 8); (ii) Motion to Stay and Motion to Appoint Counsel (ECF No. 9); and (iii) Motion for Leave to Proceed in forma pauperis (ECF No. 11.) Deutsche Bank as Trustee opposed the Motion to Stay and Appoint Counsel (ECF No. 14) and the Motion to Remand (ECF No. 15.)

The parties appeared at a status conference before this Court on January 13, 2020. Plaintiff's three motions were mentioned briefly during the conference. At that time, the Court established a discovery deadline of June 17, 2020, and a summary judgment deadline of July 17, 2020. (ECF No. 19). On January 17, 2020, the Court denied all three of Plaintiff's motions. (ECF No. 21, 22 and 23.) Since January 17, 2020, the parties have not been before the Court. However, the status conference scheduled for June 22, 2020, was continued first by the Court then at Plaintiff's request (ECF Nos. 24 & 26.)

At the July 15, 2020, rescheduled status conference, Plaintiff informed the Court and Deutsche Bank as Trustee's undersigned counsel that she emailed the Clerk a motion to recuse. (ECF No. 29.) Deutsche Bank as Trustee's undersigned counsel was not made aware of this filing until the Clerk's office docketed the motion. On July 17, 2020, Deutsche Bank as Trustee moved for summary judgment in its favor on Plaintiff's complaint.

      **B.**      <u>**The Other Civil Actions and Plaintiff's Appeal to the SJC**</u>

In the Motion to Recuse, the Plaintiff makes reference to other proceedings involving the parties, including a 2008 Massachusetts Superior Court (Middlesex County) litigation that was removed by Deutsche Bank as Trustee to this Court. *See* 1:11-cv-10893-DJC. The 2008 action was remanded back to state court on July 19, 2011, but this Court declined to award Plaintiff her legal fees in connection with the removal and remand. (*See* 1:11-cv-10893-DJC.)

Part of Plaintiff's Complaint also appears to stem from a March 31, 2017, judgment entered in an entirely different case filed in the Massachusetts Superior Court (Middlesex County). The March 31, 2017, judgment entered in Civil Action No. 1681CV02117, granted Deutsche Bank as Trustee's motion for judgment on the pleadings on its complaint seeking (i) a judgment rescinding the foreclosure sale by publication, (ii) a judgment rescinding the foreclosure by entry, (iii) a judgment nullifying the foreclosure deed, certificate of entry, and quitclaim deed, and (iv) an order restoring the 2006 mortgage to its senior lien position (subject to the modification agreement), and (v) any other relief the court deemed appropriate.[2] Plaintiff did not file an appeal within thirty (30) days of entry of the March 31, 2017, judgment. Instead, she filed several post-judgment motions and then eventually on December 18, 2018, Harrington filed a complaint for a writ of mandamus with the Supreme Judicial Court ("SJC") to file a late appeal. A single justice of the SJC denied Harrington's writ of mandamus on June 25, 2019, which was later affirmed by the full panel on May 13, 2020. *See Wendy Harrington v. Deutsche Bank National Trust Company, trustee*, No. SJC-12791. On July 1, 2020, Harrington filed a motion to reconsider the full panel's decision, a copy of which is attached as the only exhibit to Plaintiff's motion to recuse.

## II.   ARGUMENT

**PLAINTIFF'S MOTION TO RECUSE SHOULD BE DENIED IN ITS ENTIRETY**

At the outset, Deutsche Bank as Trustee notes that Harrington does not specify whether she seeks recusal under 28 U.S.C. § 144 (Bias or Prejudice of Judge) or 28 U.S.C. § 455 (Disqualification of Justice, Judge or Magistrate). For the purposes of this opposition, Deutsche

---

[2] This Court can take judicial notice of the pleadings and filings in the 2016 Superior Court Action, including the March 31, 2017, judgment. *See Cardoso v. City of Brockton*, 2014 U.S. Dist. LEXIS 167423 (D. Mass. 2014) ("It is… well settled that a court may take judicial notice of complaints filed in related cases."); *E.I. Du Pont de Nemours & Co.*, 791 F.2d 5, 7 (1st Cir. 1986) ("Federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matter at issue.").

Bank as Trustee assumes she seeks this Court's recusal under both statutes and submits that the motion to be recuse should be denied in its entirety.

"A party make seek disqualification of a judge under 28 U.S.C §§ 144 and 455 on two grounds: 1) if 'the judge may have a personal bias or prejudice concerning a party,' or 2) if 'the judge's impartiality may reasonably be questioned.'" *Vaks v. Lumiradx*, Civil No. 18-12571-LTS, 2020 U.S. Dist. LEXIS 52584, at *1 (D. Mass. Mar. 26, 2020) (citing *United States v. Kelley*, 712 F.2d 884, 889 (1st Cir. 1983)). There is no basis for recusal under either statute.

First, with respect to any motion under Section 144, Harrington failed to file the requisite affidavit and failed to file it timely. 28 U.S.C. § 144 requires a party seeking recusal to "file[] a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party … not less than ten days before the beginning of the term at which the proceeding is to be heard…." 28 U.S.C. § 144. Harrington's motion consists solely of her cover motion and an exhibit – there is no accompanying affidavit that meets the requirements of the statute. *See* ECF No. 28. In addition, Harrington attempted to file the motion to recuse at the beginning of the status conference held by the Court on July 15, 2020 – certainly less than the 10 days required by statute. *See* 28 U.S.C. § 144 ("The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.") This action has been pending before this Court since November 2019. At no point between November 12, 2019 and July 15, 2020, did Harrington ever raise concerns about prejudice or bias. Further, the parties have not been before the Court since the January 13, 2020, case management conference since this Court denied

Harrington's three procedural motions on January 17, 2020, no other motions[3] were filed or decided that would suggest that this Court has any personal bias or prejudice against Harrington or in favor of Deutsche Bank as Trustee.

Second, the Motion to Recuse lacks any reasonable basis to support recusal. The standard for review of a motion to recuse under either 28 U.S.C. §§ 144 or § 455 "is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion …, but rather in the mind of the reasonable man." *Vaks*, 2020 U.S. Dist. LEXIS 52584, at * 3 (citing *United States v. Cowan*, 545 F.2d 257, 265 (1st Cir. 1976)). Under Section 455(a), "a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit." *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000).

In the Motion to Recuse, Harrington claims that this Court is "not an impartial interpreter of the law regarding this case," but then offers no explanation for that statement other than to reference docket numbers for other proceedings involving the parties (none of which this Court presided over, except the motion to remand in 2011 which was granted in Harrington's favor). Harrington also attaches and refers to her Motion to Reconsider filed with the Massachusetts Supreme Judicial Court claiming that this Court was asked to participate in the alleged "remote neural monitoring" Harrington claims she is a victim of. While Harrington outlines in the Motion to Reconsider submitted to the SJC that she is a victim of "remote neural monitoring" allegedly perpetrated by the FBI since June 20, 2019, she has not provided any evidence or information that

---

[3] Deutsche Bank as Trustee did move for summary judgment on July 17, 2020, after the Motion to Recuse was filed. *See* ECF Nos. 31-35

connects this Court to such activities. Overall, there are no facts, no affidavit, or any reasonable grounds on which to evaluate her claim that this Court cannot be impartial in these proceedings.

To the extent Harrington bases her request on the adverse decisions issued by the Court in this action with respect to her Motion to Remand to State Court (ECF No. 8), Motion to Stay and Motion to Appoint Counsel (ECF No. 9), and Motion for Leave to Proceed in forma pauperis (ECF No. 11), "judicial rulings 'alone almost never constitute a valid basis for a bias or partiality motion.'" *Mandel v. Town of Orleans*, 233 F. Supp 2d 147, 149 (D. Mass. 2002). Indeed, recusal requires "more than subjective fears, unsupported accusations or unfounded surmise." *In re United States (Franco)*, 158 F.3d 26, 31 (1st Cir. 1998). Where the Motion to Recuse fails to establish that this Court's impartiality can be reasonably questioned, it should be denied in its entirety. *See In re United States*, 158 F.3d 44, 67 (1st Cir. 2006) ("The trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal.")

### III.  CONCLUSION

Based on the foregoing, Deutsche Bank as Trustee submits that there is no valid reason for this Court to recuse herself from presiding over this matter. Plaintiff's Motion to Recuse (ECF No. 28) should be denied in its entirety.

[SIGNATURE PAGE TO FOLLOW]

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR THE
SECURITIZED ASSET-BACKED
RECEIVABLES LLC TRUST 2007-HE1,
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-HE1

By: Its Attorneys

*/s/ Hale Yazicioglu Lake*
Hale Yazicioglu Lake, BBO #679480
Kevin W. Manganaro, BBO #690082
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Phone: 617-213-7000
Fax: 617-213-7001
E-mail: hlake@hinshawlaw.com
kmanganaro@hinshawlaw.com

Dated: July 22, 2020

## CERTIFICATE OF SERVICE

I, Hale Yazicioglu Lake, hereby certify that on this 22nd day of July, 2020, I served a true and accurate copy of the foregoing document by First Class Mail and e-mail as follows:

Wendy Harrington, *Pro Se*
4 Mercier Street
Dracut, MA 01826
Cocacapi@hotmail.com

*/s/ Hale Yazicioglu Lake*
Hale Yazicioglu Lake

1026105\306175896.v1