### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WENDY HARRINGTON,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST,<br>COMPANY AS TRUSTEE FOR THE<br>SECURITIZED ASSET-BACKED<br>RECEIVABLES LLC TRUST 2007-HE1,<br>MORTGAGE PASS-THROUGH<br>CERTIFICATES SERIES 2007-HE1,<br><br>Defendant. | Case No. 19-cv-12320 |

### MEMORANDUM AND ORDER

**CASPER, J.**                                                    **March 9, 2021**

## I.      Introduction

Plaintiff Wendy Harrington ("Harrington") has filed this lawsuit against Defendant

Deutsche Bank National Trust ("Deutsche Bank") alleging violations of Mass. Gen. L. c. 244, § 12

and 209 C.M.R. § 18.21A(2)(c).  D. 1-1.  Deutsche Bank has now moved for summary judgment.

D. 31.  For the reasons stated below, the Court ALLOWS the motion.

## II.     Standard of Review

The Court grants summary judgment where there is no genuine dispute as to any material

fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter

of law.  Fed. R. Civ. P. 56(a).  "A fact is material if it carries with it the potential to affect the

outcome of the suit under applicable law."  Santiago–Ramos v. Centennial P.R. Wireless Corp.,

217 F.3d 46, 52 (1st Cir. 2000).  The movant bears the burden of demonstrating the absence of a

genuine issue of material fact.  Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000); see Celotex v. Catrett, 477 U.S. 317, 323 (1986).  If the movant meets its burden, the non-moving party may not rest on the allegations or denials in its pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but must come forward with specific admissible facts showing that there is a genuine issue for trial.  Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir. 2010).  The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor."  Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).  A *pro se* plaintiff such as Harrington is entitled to a liberal reading of her allegations, even when such allegations are inartfully pled.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).[1]

## III.    Factual Background

Harrington executed a mortgage, dated August 31, 2006, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), mortgagee and nominee for WMC Mortgage Corp, ("WMC"), encumbering the real property of 4 Mercier Street in Dracut, Massachusetts (the "Property").[2]  D. 33 ¶¶ 3-4.  The promissory note (the "Note") was also executed in favor of WMC on or around August 31, 2006, in the original principal amount of $215,000.  Id. ¶¶ 1-2.  The Mortgage was recorded with the Middlesex North Registry of Deeds (the "Registry").  Id. ¶ 5.  Deutsche Bank, as Trustee, is the current holder of the Note.  Id. ¶¶ 1-2, 6.  Deutsche Bank is also

---

[1] Harrington was a *pro se* litigant until December 14, 2020, at which point Harrington obtained counsel.  D. 72.  Harrington filed all relevant filings in this case prior to this date.

[2] Harrington did not file a response to Deutsche Bank's statement of facts.  Accordingly, Deutsche Bank's facts are deemed admitted.  Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003) (providing that "[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by the opposing parties unless controverted by the statement required to be served by opposing parties" (quoting D. Mass. L.R. 56.1))); see also Rodio v. R.J. Reynolds Tobacco Co., 416 F. Supp. 2d 224, 227 (D. Mass. 2006) (deeming defendant's facts admitted where plaintiff disputed facts, but failed to present supported facts that controverted assertions in defendant's statement of facts).

the current mortgagee of record via an assignment of mortgage, dated January 29, 2008 and recorded with the Registry on February 8, 2008, and a corporate assignment of mortgage, dated June 30, 2017 and recorded with the Registry on August 2, 2017.  Id. ¶¶ 6, 8.

On June 17, 2008, Deutsche Bank conducted a foreclosure sale and recorded the foreclosure deed with affidavit of sale with the Registry.  Id. ¶ 9.  On June 25, 2008, Harrington filed an action against Deutsche Bank, as well as others, in Middlesex Superior Court, to challenge the foreclosure sale.  Id. ¶ 10.  On May 7, 2012, Deutsche Bank, through its previous loan servicer, Ocwen Loan Servicing, LLC ("Ocwen") entered into a loan modification agreement ("Modification Agreement") with Harrington.  Id. ¶ 11.  In the Modification Agreement, Deutsche Bank agreed to rescind the 2008 foreclosure, to refrain in its right to foreclosure under the terms of the loan documents and to modify the Mortgage.  Id. ¶¶ 12, 16.  Harrington agreed to several representations therein, including that Deutsche Bank held the Note and Mortgage, that such loan documents were valid, that the Note and Mortgage remained in full force and effect and that Harrington remained indebted to Deutsche Bank pursuant to the terms of her Loan.  Id. ¶¶ 14-15, 17.  On or around June 22, 2012, Deutsche Bank executed a quitclaim deed, returning title to the Property to Harrington, subject to the Mortgage and Modification Agreement.  Id. ¶ 12.  On June 28, 2012, the parties dismissed the 2008 action, id. ¶ 18, and in 2015, Harrington filed a motion to vacate the 2012 stipulation of dismissal.  Id. ¶ 22.  The Superior Court denied Harrington's motion on July 22, 2015.  Id.

Harrington failed to make monthly payments required by the Modification Agreement, id. ¶¶ 19-20, and has been past due for her March 1, 2014 payment and all subsequent payments, id. ¶ 21.  On December 5, 2014, due to Harrington's default, Ocwen mailed Harrington a Notice of Default on behalf of Deutsche Bank.  Id. ¶ 28.  On July 25, 2016, Deutsche Bank filed a complaint

in the Middlesex Superior Court seeking a judgment rescinding the June 2008 foreclosure sale by publication; a judgment rescinding the June 2008 foreclosure by entry; a judgment nullifying the foreclosure deed, certificate of entry and quitclaim deed; an order restoring the 2006 mortgage to its senior lien position, subject to the Modification Agreement; and any other relief the court deemed appropriate.  Id. ¶ 23.  On March 29, 2017, the Superior Court granted Deutsche Bank's motion for judgment on the pleadings, concluding that Harrington did not deny signing the Modification Agreement and that she was estopped from contesting the agreement's validity.  Id. ¶ 24.

On July 6, 2017, Ocwen mailed Harrington a letter, again on behalf of Deutsche Bank, entitled "90-Day Right to Cure Your Mortgage Default."  Id. ¶ 29.  Harrington failed to cure her default, id. ¶ 34, and on December 18, 2018, Harrington filed a complaint for writ of mandamus with the Supreme Judicial Court to file a late appeal of the March 2017 Superior Court judgment, which was denied.  Id. ¶¶ 31-32.  On October 1, 8, and 15, 2019, Deutsche Bank published notices of a foreclosure sale of the Property, which would be held on October 25, 2019.  Id. ¶ 35.  Korde & Associates, P.C., Deutsche Bank's foreclosure counsel, mailed a notice of the foreclosure sale to Harrington on or around October 4, 2019.  Id. ¶ 36.  On October 25, 2019, the foreclosure sale was held and the Property was sold to Deutsche Bank.  Id. ¶ 37.  On January 6, 2020, Deutsche Bank recorded a foreclosure deed with affidavit of sale, id. ¶ 38, and a certificate of entry with the Registry, memorializing the October 25, 2019 foreclosure sale.  Id. ¶ 39.

## IV.   Procedural History

Harrington instituted this action on November 4, 2019 in Middlesex Superior Court, seeking relief under Mass. Gen. L. c. 244, § 12 and 209 C.M.R. § 18.21A(2)(c).  D. 1-1.  Deutsche Bank removed the action to this Court.  D. 1.  Deutsche Bank has now moved for summary

judgment.  D. 31.  The Court scheduled and held a hearing on the motion for summary judgment on November 23, 2020.  D. 68.  Although the case was filed in 2019, Harrington sought more time at the hearing to obtain counsel.  Id.  On December 14, 2020, Harrington's new counsel filed a Notice of Appearance.  D. 72.  The Court heard the parties on the pending motion on February 18, 2021 and took this matter under advisement.  D. 85.

## V.    Discussion

### A.    Res Judicata

A claim is precluded under *res judicata* if there is "(1) a final judgment on the merits in an earlier action; (2) sufficient identity between the causes of action asserted in the earlier and later suits; and (3) sufficient identity between the parties in the two suits."  Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc., 181 F.3d 174, 177 (1st Cir. 1999).  "The focal inquiry in assessing the applicability of res judicata . . . is whether the causes of action raised in separate lawsuits are indeed the same."  Apparel Art Int'l, Inc. v. Amertex Enterprises Ltd., 48 F.3d 576, 583 (1st Cir. 1995).  "Although a set of facts may give rise to multiple counts based on different legal theories, if the facts form a common nucleus that is identifiable as a transaction or series of related transactions, then those facts represent one cause of action."  Id. at 583-84 (noting that to determine whether a party has advanced claims in multiple litigations that derive from the same nucleus of operative facts, courts may look to "whether the facts are related in time, space, origin or motivation," "whether the facts form a convenient trial unit," and "whether treating the facts as a unit conforms to the parties' expectations").

On March 31, 2017, the Superior Court entered judgment in favor of Deutsche Bank upholding the validity of the Modification Agreement.  D. 35-6.  As the Superior Court records, of which the Court may take judicial notice, indicate, the state court complaint by Harrington was

litigated to final judgment on the merits and involved the same defendants involved in this suit. D. 35-3, D. 35-5.  See Hudson v. MacEachern, 94 F. Supp. 3d 59, 66 (D. Mass. 2015) (noting that court's judgment on the pleadings ruling was a final judgment for *res judicata* purposes); Moniz v. Hall, No. 09-CV-11645-JGD, 2011 WL 487833, at *2, *5 (D. Mass. Feb. 7, 2011) (concluding state court allowance of judgment on the pleadings was final judgment on the merits for purposes of *res judicata*); see also Mass. R. Civ. P. 41 (noting that any dismissal not provided for under Mass. R. Civ. P Rule 41, "other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19 . . . operates as an adjudication upon the merits").

The cause of action in both the current and prior litigation concerns the enforcement of the Modification Agreement.  In the Superior Court action, Harrington claimed she was "exercising [her] rights" pursuant to Mass. Gen. L. c. 244, § 12 and asserted that Deutsche Bank had no legal right to the foreclosure sale.  D. 35-3 at 5-6.  In the present action, Harrington claims that she did not "execute" the Note, D. 1-1 at 6, the signing of which predated her entry into the Modification Agreement.  D. 33 ¶¶ 1, 11.  Harrington, however, did not raise any allegations regarding her execution of the Note in the prior action, D. 35-3, although Harrington's current claims arise from the same facts—the foreclosure and subsequent auction of her house—and are again raised pursuant to Mass. Gen. L. c. 244, § 12.  Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994) (noting that "[t]he necessary identity" for *res judicata* purposes "will be found to exist if both sets of claims—those asserted in the earlier action and those asserted in the subsequent action—derive from a common nucleus of operative facts").  In Harrington's opposition, she notes that "[t]his current action before the Court is derived from the same unlawful transaction by Deutsche Bank" in 2008.  D. 53 at 2.  She furthers that "[t]his same unlawful transaction can be seen in all of the court filings pertaining to Harrington's Home . . ."  Id.  As such, her claims are

6

barred by *res judicata*.  See <u>Maher v. GSI Lumonics, Inc.</u>, 433 F.3d 123, 126 (1st Cir. 2005) (noting

that "[u]nder the federal law of *res judicata*, a final judgment on the merits of an action precludes

the parties from relitigating claims that were raised or could have been raised in that action").

> **B.**  **<u>Summary Judgment</u>**

As discussed above, the Court concludes that all of Harrington's claims are barred by *res*

*judicata*.  To the extent that there is any argument that there is not sufficient identity between the

claims she asserts here that she did not expressly assert in the prior lawsuit, the Court addresses

those claims and whether they survive Defendant's summary judgment challenge.

> *1.*    *Mass. Gen. L. c. 244, § 12*

In the present action, Harrington again seeks relief pursuant to Mass. Gen. L. c. 244, § 12,

now with respect to her execution of the Note.  D. 1-12 at 6.  Section 12 states, in relation to

foreclosures, that the "person selling shall, within ten days after the sale, file in the clerk's office

a report on oath of the sale and of his doings, and the court may confirm the sale or set it aside and

order a re-sale."  Mass. Gen. L. c. 244, § 12.  Section 12 also states that "[a]ny person interested

may appear or be summoned, and the order of the court confirming the sale shall be conclusive

evidence against all persons that the power of sale was duly executed."  <u>Id.</u>  Section 12 "functions

as a means of preserving evidence of the foreclosure sale and of protecting the purchaser at the

sale from subsequent claims on the property."  <u>Hammond v. JPMC Specialty Mortg. LLC</u>, No. 10-

CV-11121-DPW, 2011 WL 1463632, at *5 (D. Mass. Apr. 15, 2011) (holding that mortgagor "has

no right of relief" under Section 12).  A mortgagor "is not an intended beneficiary of § 12 and

suffers no harm by the mortgagee's failure to comply with it."  <u>Id.</u>  Section 12 "does not invalidate

the sale."  <u>Id.</u>

Deutsche Bank conducted a foreclosure sale of Harrington's house on June 17, 2008 (later rescinded by the Modification Agreement), D. 33 ¶ 10, and again on October 25, 2019, id. ¶ 35. Any alleged failure by Deutsche Bank to comply with Section 12 requirements does not invalidate the foreclosure sale.  Hammond, 2011 WL 1463632, at *5.  Accordingly, Harrington's claim for relief under this provision is without merit and the Court allows Deutsche Bank's motion for summary judgment as to this claim.

2.      *209 C.M.R. § 18.21A(2)(c)*

Harrington alleges that she did not "execute" the Note and that the Note is thereby nullified pursuant to 209 C.M.R. § 18.21A(2)(c).  D. 1-1 at 6.  Section 18.21A(2)(c) states that "[a] third party loan servicer shall certify in writing the basis for asserting that the foreclosing party has the right to foreclose, including but not limited to, certification of the chain of title and ownership of the note and mortgage from the date of the recording of the mortgage being foreclosed upon."  209 C.M.R. § 18.21A(2)(c).  The Section furthers that "[t]he third party loan servicer shall provide such certification to the borrower with the notice of foreclosure provided pursuant to M.G.L. c. 244, § 14, and shall also include a copy of the note with all required endorsements."  Id.  As the mortgagee of record and holder of the Note, D. 33 ¶¶ 6, 8, Deutsche Bank is directly owed the loan as Trustee.    Accordingly, Deutsche Bank is not a third-party loan servicer and 209 C.M.R. § 18.21A(2)(c) is inapplicable.   Harrington's claim for relief under this provision is without merit.  The Court allows Deutsche Bank's motion for summary judgment as to this claim.

3.      *Validity of the Foreclosure Sale*

To the extent Harrington alleges the foreclosure sale was invalid, this claim also fails.  The undisputed record shows that Deutsche Bank is the mortgagee of record via the assignment of mortgage, dated January 29, 2008 and the corporate assignment of mortgage, dated June 30, 2017.

D. 33 ¶ 8.  "A foreclosure sale conducted pursuant to a power of sale in a mortgage must comply with all applicable statutory provisions, including in particular G.L. c. 183, § 21, and G.L. c. 244, § 14." Eaton v. Fed. Nat. Mortg. Ass'n, 462 Mass. 569, 571 (2012).  Mass. Gen. L. c. 183, § 21 and Mass. Gen. L. c. 244, § 14 "authorize a 'mortgagee' to foreclose by sale pursuant to a power of sale in the mortgage," and "require the 'mortgagee' to provide notice and take other steps in connection with the sale." Id.

The undisputed record here includes the Note, D. 34-1, and Mortgage, D. 34-2, both signed by Harrington on August 31, 2006, D. 34-1.  It also includes the assignment of the Mortgage from WMC to Deutsche Bank in 2008, D. 34-3, and the Modification Agreement, signed by both Harrington and Deutsche Bank in 2012, D. 34-5.  Deutsche Bank asserts that it published notices of the foreclosure sale in the Property's local publication, the *Lowell Sun*, D. 33 ¶ 35, and mailed a notice of the sale to Harrington on or around October 4, 2019 through counsel, id. ¶ 36; D. 35-11 (notifying Harrington on October 4, 2019 of Deutsche Bank's intention "to foreclose by sale under the power of sale").  Deutsche Bank also asserts that it recorded an Affidavit with the Registry, accompanying the Foreclosure Deed, detailing Deutsche Bank's compliance with statutory foreclosure requirements.  D. 33 ¶ 38; D. 34-9.  A nonmovant "must point to 'competent evidence' and 'specific facts' to stave off summary judgment." Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011).  Harrington has failed to point to any genuine issue of material fact with respect to the validity of Deutsche Bank's standing and authority to foreclose and consequent foreclosure.

Although Harrington protests summary judgment without an opportunity for further discovery, D. 53 at 4, she has not pointed to, or identified, what discovery would contravene this record. In re PHC, Inc. S'holder Litig., 762 F.3d 138, 143 (1st Cir. 2014) (noting that to be granted

relief or extension under Federal Rule of Civil Procedure 56(d), the proffered explanation as to why relief should be granted "should: (i) 'show good cause for the failure to have discovered the facts sooner'; (ii) 'set forth a plausible basis for believing that specific facts . . . probably exist'; and (iii) 'indicate how the emergent facts . . . will influence the outcome of the pending summary judgment motion" (quoting <u>Resolution Tr. Corp. v. N. Bridge Assocs., Inc.</u>, 22 F.3d 1198, 1203 (1st Cir. 1994))).  Harrington's papers disclose no "plausible basis for believing that additional facts probably exist." <u>Id.</u> at 144 (quoting <u>Rivera-Torres v. Rey-Hernandez</u>, 502 F.3d 7, 10 (1st Cir. 2007)).  To the extent that Harrington, has now sought to amend her opposition, D. 63, and pleadings, D. 66, her motions fail to explain how such amendments would not be futile, particularly in light of the analysis above.  Accordingly, the Court denies Harrington's motion for "enlargement of time to ask for leave of court," D. 63, and motion to amend, D. 66, to the extent that motion seeks other relief.

In Harrington's latest motion for leave to file a motion for summary judgment, for which Harrington had counsel, she argues that she is "asking for whatever she is entitled to under § 12 or is asking the Court to enforce whatever the section requires." D. 83-2 at 12.[3]  She also asks the Court to "make a determination about the validity of the sale." <u>Id.</u> at 17.  Section 12, however, does not require the Court to take any action. <u>See</u> Mass. Gen. L. c. 244, § 12.  "Massachusetts is a 'non-judicial foreclosure state,' meaning that it allows a mortgagee to foreclose on a mortgaged property without judicial authorization, so long as the mortgage instrument grants that right by reference to the statutory power of sale." <u>Thompson v. JPMorgan Chase Bank, N.A.</u>, 486 Mass. 286, 291 (2020) (noting that Massachusetts has "consistently . . . required strict compliance 'with

---

[3] The Court recognizes that summary judgment deadline in this matter was July 17, 2020, D. 19, and that Harrington's motion for leave to file a motion for summary judgment, D. 83, is therefore untimely.  In recognition that Harrington was a *pro se* litigant until December 14, 2020, the Court considered the merits of the motion and the arguments therein.

the terms of the actual power of sale in the mortgage [and] with any conditions precedent to the exercise of the power that the mortgage might contain'" (quoting <u>Pinti v. Emigrant Mortg. Co.</u>, 472 Mass. 226, 233-34 (2015))).  Section 12 does not provide a statutory right to petition the Court for judicial review of a non-judicial foreclosure sale, nor does it require strict compliance for a foreclosure sale to be valid.  <u>Turra v. Deutsche Bank Trust Company Americas</u>, 476 Mass. 1020, 1021 (2017) (noting that it was not the intent of the court to "suggest[ ] that the failure to strictly comply with any provision contained in G.L. c. 244, §§ 11-17C[ ] will render a foreclosure void"); <u>see</u> <u>Hammond</u>, 2011 WL 1463632 at *16.  Accordingly, as Harrington's chief argument in both her opposition and most recent motion relies upon Section 12, for the reasons discussed above, the motion for leave to file a motion for summary judgment, D. 83, is denied as futile and the Court need not reach the other arguments.

## VI.    Conclusion

For the foregoing reasons, the Court ALLOWS Deutsche Bank's motion for summary judgment, D. 31, and DENIES Harrington's motion for "enlargement of time to ask for leave of court," D. 63, Harrington's motion to amend, D. 66, and Harrington's motion for leave to file a motion for summary judgment, D. 83.[4]

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[4] Harrington's Motion for Status Report, D. 60, is denied as moot.